UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
TAVORIS DOCKERY,

                                                  **COMPLAINT**

              Plaintiff,                       **09 CV 2684**

    -against-                        **JURY TRIAL DEMANDED**

                                                  **ECF CASE**

THE CITY OF NEW YORK, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John Doe
being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------------------X

       Plaintiff, TAVORIS DOCKERY, by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff is an African American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned the defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

13. On or about November 8, 2008, at approximately 1:00 p.m., plaintiff TAVORIS DOCKERY was lawfully present in the vicinity of 112th Street and St. Nicholas Avenue, in the County, City, and State of New York.

14. Plaintiff TAVORIS DOCKERY was suddenly accosted by several members of the New York City Police Department.

15. The defendant police officers immediately threw plaintiff TAVORIS DOCKERY against a wall and handcuffed his arms tightly behind his back.

16. Thereafter, plaintiff began asking the defendant officers why he was being arrested, to which defendants responded "SHUT THE FUCK UP AND WAIT FOR A SERGEANT TO COME."

17. While waiting for the Sergeant to arrive on the scene, defendants began conducting a very intrusive search of plaintiff TAVORIS DOCKERY's person; specifically, defendants' emptied and searched plaintiff's pockets and attempted to search plaintiff's groin and genitalia underneath his clothes.

18. When the Sergeant arrived on the scene he instructed the other officers to take plaintiff back to the precinct.

19. At the precinct, plaintiff was stripped searched, and subjected to a cavity inspection.

20. Defendants' aforementioned searches of plaintiff TAVORIS DOCKERY did not result in defendants' recovery of any contraband, drugs, pre-recorded buy money, or any other evidence of a drug sale on plaintiff's person or in plaintiff's custody and control.

21. Notwithstanding the lack of any drug-related evidence, defendants arrested plaintiff TAVORIS DOCKERY and charged him with Criminal Possession of a Controlled Substance in the

Third Degree and other related charges.

22. Plaintiff TAVORIS DOCKERY had not purchased, possessed, or sold any narcotics at any time on November 8, 2008.

23. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the District Attorney's Office.

24. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25. As a result of his unlawful arrest, plaintiff TAVORIS DOCKERY spent approximately twenty-four (24) hours in jail, before the District Attorney's Office declined to prosecute the case.

26. As a result of the foregoing, plaintiff TAVORIS DOCKERY sustained, inter alia, loss of liberty, emotional distress, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff TAVORIS DOCKERY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     As a result of the foregoing, plaintiff TAVORIS DOCKERY sustained, *inter alia*, loss of liberty, emotional distress, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     As a result of defendants' aforementioned conduct, plaintiff TAVORIS DOCKERY was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

36.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants issued legal process to place plaintiff TAVORIS DOCKERY under arrest.

39. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

40. Defendants acted with intent to do harm to plaintiff TAVORIS DOCKERY, without excuse or justification.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" as if the same were more fully set forth at length herein.

43. Defendants arrested and incarcerated plaintiff TAVORIS DOCKERY in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the

47. City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;

   b) arresting innocent persons wrongfully apprehended during buy-and-bust operations;

   c) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

48. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   · **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

   · **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

   · **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

   · **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

   · **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

   · **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

   · **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

   · **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

   · **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of

New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff TAVORIS DOCKERY.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by TAVORIS DOCKERY as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff TAVORIS DOCKERY as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TAVORIS DOCKERY was incarcerated unlawfully for approximately twenty-four (24) hours before the District Attorney's Office declined to prosecute the case.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff TAVORIS DOCKERY.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff TAVORIS DOCKERY's constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff TAVORIS DOCKERY of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

## FIFTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

58. As a result of the foregoing, plaintiff TAVORIS DOCKERY is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff TAVORIS DOCKERY demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       March 23, 2009

                                        BY:_____S/_____
                                        Gerald M. Cohen (GC-0414)
                                        Cohen & Fitch, LLP
                                        Attorney for Plaintiff
                                        225 Broadway, Suite 2700
                                        New York, N.Y. 10007
                                        (212) 374-9115